## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN WATKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-1268 |
| BRYAN SYLVESTER, BROCK LAVIN, and CITY OF PEORIA,  , | ) ) ) ) |
| Defendants. | ) ) |

## O R D E R

This matter is now before the Court on Plaintiff's Complaint and Defendants' Motion to Dismiss for Failure to State a Claim. For the reasons set forth below, the Motion to Dismiss [7] is GRANTED, and the Complaint [1] is DISMISSED.

### DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. Plaintiff, Jordan Watkins, alleges that on or about July 19, 2014, he was subjected false arrest and that the officers "planted evidence on him." In his response, Watkins indicates that his criminal case is still pending.

Watkins' challenge to his arrest is non-cognizable under *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994), and its progeny, as a suit for damages challenging the validity of an underlying conviction under § 1983 does not accrue until the underlying conviction or sentence has been invalidated. *Id.* The Supreme Court has recently confirmed that "a state prisoner's §1983 action is barred (absent prior invalidation [of the underlying conviction]) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would

necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S.Ct.1242, 1248 (2005), summarizing the rule of law from *Preiser*, 411 U.S. 475, *Heck*, 512 U.S. at 477, and *Edwards v. Balisok*, 520 U.S. 641 (1997).

The Seventh Circuit has recognized that *Heck* and related cases bar §1983 suits by individuals facing prosecution, as well as those who have already been convicted. "[I]f a prisoner or an individual facing prosecution seeks damages using §1983 for an alleged violation of his civil rights, a district court must first determine whether 'a judgment in favor of the plaintiff would necessarily imply the invalidity' of the plaintiff's actual or potential conviction." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004).

Plaintiff's complaint is clearly an attack on his state court guilty plea and conviction. These claims, if granted, would invalidate the Plaintiff's actual conviction. As Watkins' sentence and conviction have not been invalidated and reportedly remain pending in state court, Plaintiff's Complaint must be dismissed without prejudice as premature. This matter is now terminated. All existing deadlines are vacated, and any other pending matters are moot.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss [7] is GRANTED, and the Complaint [1] is DISMISSED WITHOUT PREJUDICE. This matter is now terminated.

ENTERED this 6th day of December, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge